IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00328-BNB

SHANNON R. SMITH,

    Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, Shannon R. Smith, initiated this action by filing *pro se* a complaint that named herself and her minor son as Plaintiffs. On February 10, 2012, the court advised Plaintiff that the complaint was deficient and that Ms. Smith could not represent her minor son in this action because she is not represented by an attorney. On February 15, 2012, Ms. Smith filed an amended complaint.

    The court must construe the amended complaint liberally because Ms. Smith is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Smith will be ordered to file a second amended complaint if she wishes to pursue her claims in this action.

    The court has reviewed the amended complaint and finds that the amended complaint does not comply with the pleading requirements of Rule 8 of the Federal

Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Smith fails to provide a short and plain statement of the grounds for the court's jurisdiction.  Instead, she alleges "that the plaintiff's **Identity Theft/Abuse case is unique** and there is not any specific statute for this particular case."  (ECF No. 6 at 2).  This allegation is not sufficient because:

> [f]ederal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

2

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Therefore, Ms. Smith must identify the statutory authority that allows the court to consider the claims she is asserting in this action.

Ms. Smith also fails to provide a short and plain statement of her claims showing that she is entitled to relief.  It appears that Ms. Smith may be seeking to challenge Defendant's refusal to issue a new social security number because she alleges that "Social Security Administration had Shannon Rae Smith get new names through court and new birth certificates, then denied the new SS#s."  (ECF No. 6 at 3.)  She further alleges that:

> Social Security in Colorado Springs withheld the return of new birth certificates for the plaintiff and her son, who is attached to her identity.  Whoever is doing this to the plaintiff can do it to him or find the plaintiff through his social security number and further cause problems for the plaintiff.  Social Security has denied the Identity Theft and new social security numbers for the plaintiff and her child.

(*Id.* at 6.)  In addition, Ms. Smith has attached to the amended complaint a letter from the Social Security Administration denying her request for a new social security number. (*See id.* at 23.)  However, most of the allegations in the amended complaint relate to actions by individuals or entities who allegedly have misused Ms. Smith's social security number or stolen her identity, and these allegations do not state a claim for relief against the named Defendant.  As a result, it is not clear what specific claim or claims Ms. Smith is asserting in this action.

Ms. Smith is advised that in order to state a claim in federal court she "must explain what [the] defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes

3

the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Finally, Ms. Smith must present her claims clearly and concisely in a manageable format that allows the court and Defendant to know what claims are being asserted and to be able to respond to those claims. Accordingly, it is

ORDERED that Ms. Smith file, within **thirty (30) days from the date of this order**, a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that Ms. Smith shall obtain the appropriate court-approved form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Ms. Smith fails within the time allowed to file a second amended complaint that complies with this order, the action will be dismissed without further notice.

DATED February 21, 2012, at Denver, Colorado.

                                                     BY THE COURT:

                                                     s/ Boyd N. Boland
                                                     United States Magistrate Judge