IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00328-MSK-KLM

SHANNON R. SMITH,

        Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION,

        Defendant.

SSA NOTICING,

        Interested Party.

_____

### ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

        This matter is before the Court on the **Order to Show Cause** [Docket No. 25].  The

Court ordered Plaintiff to show cause "as to why this case should not be dismissed for her

failure to comply with the Local Rules and to prosecute this lawsuit."  *Order to Show Cause*

[#25] at 2.  Plaintiff's deadline for compliance with the Order to Show Cause [#25] was May

21, 2012.  To date, Plaintiff has neither filed a response nor contacted the Court in any

manner.

        Although Plaintiff is proceeding in this lawsuit without an attorney, she bears the

responsibility of prosecuting her case with due diligence.  The Court must liberally construe

*pro se* filings; however, *pro se* status does not excuse the obligation of any litigant to

comply with the same rules of procedure that govern other litigants.  *See Green v. Dorrell*,

-1-

969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

As noted in the Order to Show Cause, on April 17, 2012, Plaintiff filed a Return of Service on the United States Attorney's Office [#15].  She has not contacted the Court formally or informally since that date.  On April 24 and April 25, 2012, the undersigned and the District Judge collectively issued three Orders in this matter: Order of Referral [#18], Order Regarding Custody of Exhibits and Depositions Used in Evidentiary Hearings and Trials [#19], and Order Setting Scheduling/Planning Conference [#20].  On April 30, May 2, and May 4, 2012, these three Orders were returned to the Office of the Clerk as undeliverable [#21, #22, #24].  The postal service printed on the return envelope: "Smith, moved left no address, unable to forward, return to sender." [#24].

In addition, on May 9, 2012, the Order to Show Cause sent to Plaintiff by the Clerk of the Court was also returned as undeliverable [#27].  D.C.COLO.LCivR 10.1M requires that any change of address (or other contact information) be noticed to the Court within five days of such change.  Plaintiff is thus under a continuing obligation to inform the Court of any changes in her contact information.  To date, the docket does not reflect the filing of a notice by Plaintiff regarding an address change.  Because Plaintiff has failed to update her present contact information with the Court, the Court and Defendant have no means of contacting her in connection with this litigation.

The Court warned Plaintiff in the Order to Show Cause that her failure to timely comply with the instruction to respond would result in a recommendation that this matter be dismissed due to Plaintiff's failure to prosecute.  [#25] at 2.  Given Plaintiff's failure to comply with the instruction stated in the Order to Show Cause [#25], the Court considers

whether Plaintiff's case should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b).  *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008).

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action.[1]  The factors are:  "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996).  "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'"  *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

Here, it is clear that Plaintiff has no intention of seeking resolution of this matter on the merits.  Plaintiff has failed to update her present contact information with the Court and, thus, the Court and Defendants have no means of contacting her in connection with this

---

[1] The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same.  *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

litigation.   Further, Plaintiff has disobeyed a direct order of the Court by failing to file a response to the Order to Show Cause regarding her intent to prosecute this case.  These facts demonstrate that Plaintiff has abandoned her lawsuit, and consideration of the above-stated *Ehrenhaus* factors weigh in favor of dismissal without prejudice.[2]  Accordingly,

IT IS HEREBY **ORDERED** that the Scheduling Conference set for July 11, 2012 at 11:00 a.m. is **VACATED**.

IT IS FURTHER **ORDERED** that the Order to Show Cause is **MADE ABSOLUTE**.  Thus,

IT IS HEREBY **RECOMMENDED** that Plaintiff's Second Amended Complaint [#10] be **DISMISSED WITHOUT PREJUDICE**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73

---

[2]  Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort." *Ehrenhaus*, 965 F.2d at 920; *see Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. Feb. 2, 2007) (remanding dismissal with prejudice for determination of willfulness).

F.3d 1057, 1060 (10th Cir. 1996).

Dated:  May 29, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge